UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>Defendant. | NO. C17-5818-JPD<br><br><br><br>ORDER |

Plaintiff Crystal Johnson appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS this matter for further administrative proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 36-year-old woman with an associate's degree. Administrative Record ("AR") at 40-41. Her past work experience includes employment as a temporary assembler worker, cashier, front desk clerk, and retail supervisor. AR at 213. Plaintiff was last gainfully

ORDER - 1

employed in July 2013. *Id.*

In November 2014, Plaintiff protectively filed a claim for SSI payments, alleging an onset date of February 28, 2013. AR at 65-66, 175-180. Plaintiff asserts that she is disabled due to back problems, bipolar disorder, depression, anxiety disorder, sleep apnea, anemia, endometriosis, and post-traumatic stress disorder. AR at 202.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 83-91, 95-101. Plaintiff requested a hearing, which took place on June 22, 2016. AR at 37-51. On July 1, 2016, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 20-30. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On October 12, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Ms. Johnson bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

§§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

## V. DECISION BELOW

On July 1, 2016, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since November 6, 2014, the application date.

2. The claimant has the following severe impairments: depressive disorder, personality disorder, and somatoform disorder.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels. She is limited to simple, routine, repetitive tasks. She can have occasional, superficial public contact. She can have occasional, superficial coworker contact.

5. The claimant is unable to perform any past relevant work.

6. The claimant was born on XXXXX, 1981 and was 33 years old, which is defined as a younger individual age 18-49, on the date the application was filed.[2]

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since November 6, 2014, the date the application was filed.

AR at 22-30.

---

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

## VI. ISSUE ON APPEAL

The issue on appeal is whether the ALJ erred in assessing certain medical opinions. Dkt. 8 at 1.

## VII. DISCUSSION

A. <u>The ALJ erred in assessing the State agency opinions.</u>

Plaintiff argues that the ALJ erred in discounting the State agency opinions, written by non-examining psychologists. *See* AR at 52-64, 67-80.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996). However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn v. Astrue*, 495 F.3d 625, 632-33 (9th Cir. 2007).

The ALJ summarized the State agency opinions and gave them some weight, as follows:

> On April 6, 2015, State agency psychological consultant, Edward Beaty, PhD, opined the claimant was capable of moderate, routine, repetitive tasks with episodic interruptions ([AR at 52-64]). The doctor opined she was capable of superficial interactions with others. The doctor opined she was able to adapt to minor changes in the workplace and could carry out simple goals and plans as directed by supervisors. On July 3, 2015, State agency psychological consultant John Robinson, PhD, concurred with Dr. Beaty's opinion ([AR at 67-80]). The opinion is given some weight inasmuch as it is consistent with the above [RFC]. The doctors had the benefit of reviewing medical evidence. However, the balance of the medical evidence supports the limitations set forth in the above [RFC]. Specifically, an examining clinician found the claimant had moderately

ORDER - 6

impaired concentration and memory ([AR at 2903-38]). The supports [*sic*] the claimant is limited to simple, routine, repetitive tasks.

AR at 27-28.

Plaintiff first argues that the ALJ erred in discounting the opinions because they were inconsistent with his own RFC assessment, rather than crafting an RFC assessment based on the record. Dkt. 8 at 3-4 (citing *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.6 (9th Cir. 2017); *Laborin v. Berryhill*, 867 F.3d 1151, 1154 (9th Cir. 2017)). But that is not what the ALJ did here: the ALJ indicated that the State agency opinions were credited to some extent, but discounted to the extent that they were inconsistent with treatment notes. AR at 27-28. The ALJ did not reason back from the RFC assessment.

The ALJ did, however, fail to explain which parts of the State agency opinions were credited and which parts were rejected, as the Commissioner concedes. Dkt. 12 at 2. The Commissioner contends that this error is harmless, because the ALJ's RFC assessment fully accounts for the State agency opinions. Dkt. 12 at 13. The Commissioner is incorrect. The ALJ's RFC assessment makes no mention of the adaptation limitations described by the State agency consultants (AR at 62, 77), nor does it address the impact of the "episodic interruption[s] due to psych" that the State agency consultants mentioned (AR at 61, 77). The ALJ did not reference these limitations in the hypothetical posed to the vocational expert ("VE"). AR at 46-50. Because neither the RFC assessment nor the VE hypothetical fully account for the State agency opinions, the Court cannot find that the ALJ's error in failing to specify which portions of the State agency opinions were credited and which were discounted is harmless. On remand, the ALJ must reconsider the State agency psychological opinions and either credit them, or provide legally sufficient reasons to discount them.

//

ORDER - 7

B. <u>The ALJ erred in assessing the opinion of examining psychologist Brett Valette, Ph.D.</u>

Dr. Valette examined Plaintiff in March 2015 and expressed concern about somatization and symptom exaggeration. AR at 918-22. The ALJ summarized Dr. Valette's opinion and explained that he gave great weight to it:

> On March 23, 2015, consultative psychological examiner Dr. Valette opined the claimant could understand, remember and carry out an extensive variety of complex instructions, but could not maintain concentration and attention to carry out these instructions ([AR at 918-22]). The doctor opined she could understand, remember and carry out detailed instructions, and understand, remember and carry out simple, one or two step instructions. The doctor opined she could maintain concentration and attention to carry out these instructions. The doctor opined she appeared to have difficulty interacting with authority figures but could interact appropriate[ly] with coworkers and the public. The opinion is given great weight because the doctor examined the claimant and it is consistent with the doctor's clinical findings. Specifically, the claimant reported medications helped her mood and anxiety. On mental status testing, she was able to recall three out of three items immediately and two out of three after five minutes, complete serial three subtractions from 20, and spell "world" backwards and forwards.

AR at 27. Despite the great weight the ALJ afforded to Dr. Valette's opinion, the RFC assessment makes no mention of the "difficulty interacting with authority figures" that Dr. Valette addressed in his opinion. *Compare* AR at 24 *with* AR at 921. The ALJ's RFC assessment limits Plaintiff's interaction with coworkers and the public, but not supervisors. AR at 24.

The Commissioner argues that the ALJ was not required to address Dr. Valette's opinion regarding Plaintiff's difficulty interacting with authority figures because this "was a relatively vague comment, and it did not describe a specific limitation on Plaintiff's ability to work." Dkt. 12 at 4. The Commissioner argues that the ALJ properly focused on more specific limitations found in the State agency opinions. *Id*.

This argument is not persuasive. The ALJ explicitly mentioned Dr. Valette's opinion regarding Plaintiff's ability to interact with supervisors, and did not describe it as vague or

ORDER - 8

provide any indication that he declined to fully credit Dr. Valette's opinion. Furthermore, the State agency opinions did not describe any supervisor limitations (AR at 61, 77), and thus it is unclear how the ALJ could have accounted for Dr. Valette's opinion by focusing on the State agency opinions. *See* Dkt. 12 at 4. Furthermore, the State agency consultants did not credit Dr. Valette's opinion, finding that it was based on only a "snap shot view" of Plaintiff (AR at 76), and thus the State agency opinions do not represent a translation of Dr. Valette's opinion into concrete limitations, as in *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008).

Although the Commissioner seeks to analogize this case to *Meanel v. Apfel*, this case is distinguishable. Dkt. 12 at 4 (citing 172 F.2d 1111 (9th Cir. 1999)). In *Meanel*, the Ninth Circuit found that an ALJ's RFC assessment was consistent with a treating doctor's opinion, and therefore the ALJ did not err in failing to provide reasons to discount it. 172 F.3d at 1113-14. Here, the ALJ's RFC assessment does not address Plaintiff's ability to interact with supervisors, even though Dr. Valette stated that Plaintiff had limitations in that area and the ALJ credited his opinion. Thus, unlike in *Meanel*, the ALJ's RFC assessment does not fully account for a credited opinion, and the ALJ's decision is therefore erroneous. *See* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). On remand, the ALJ must reconsider Dr. Valette's opinion and either credit it and account for all of the limitations therein in the RFC assessment, or provide legally sufficient reasons to discount it.

//

//

//

//

//

## VIII. CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.

DATED this 21st day of May, 2018.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge